IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDDY RAY BACA, DARRELL
CASTILLO, PAUL LECOMPTE,
FILEMON ALDAMA, MARTIN
VALENZUELA, DANIEL RODRIGUEZ,
ALONSO VALENZUELA, ALEX VARNER,
ANTHONY CORDRAY, TERRY RAY KERR,
ANDREW SANDOVAL, THOMAS SNIDER,
JUAN OLVERA, DARON CARPENTER, and
LEE NANZ,

       Plaintiffs,

vs.                                              No. CIV 03-1309 RB/LFG

COUNTY OF LINCOLN, COMMISSIONERS
OF THE COUNTY OF LINCOLN; RICK SIMPSON,
LEO MARTINEZ, EARL HOBBS, MAURY ST. JOHN,
REX WILSON, in their individual and official capacities;
TOM STEWART, individually and in his capacity as the
Lincoln County Manager; JOHN DOES I-V, in their official
capacities; CORRECTIONAL SYSTEMS, INC.;
MIKE BORREGO, individually and in his capacity as the
Lincoln County Detention Center Administrator,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion for Summary Judgment No. I - Failure to Exhaust Administrative Remedies Under the Prison Litigation Reform Act (Doc. 14), filed on June 14, 2004. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having reviewed the submissions of the parties and the relevant law, I find that the motion is well-taken and should be granted as to the federal claims, and that the state law claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**I.       Background.**

Plaintiffs were inmates at the Lincoln County Detention Center ("LCDC") at all relevant times. (Compl. ¶ 11.) On May 28, 2003, an inmate was placed in "B pod," the dormitory unit where Plaintiffs were housed. (Compl. ¶ 12.) The inmate was known to be infected with a communicable blood bourne virus. (Compl. ¶ 13.) Within twenty-four hours of being placed in B pod, the inmate obtained a sharp object and used that object to slash his wrist in the shower and toilet area, resulting in a substantial loss of blood. (Compl. ¶ 15.) Defendants required Plaintiffs to clean up the contaminated blood, without any protective gloves or other safety equipment for handling bodily fluids. (Compl. ¶ 16.) Defendants refused to test Plaintiffs for infection with the virus. (Compl. ¶ 17.)

On November 13, 2003, Plaintiffs filed suit seeking damages and attorney fees for violation of their constitutional rights, as provided by 42 U.S.C.§§ 1983, 1985, and 1985, and for negligence in the operation of a building under the New Mexico Tort Claims Act. Defendants have moved for summary judgment on the ground that Plaintiffs failed to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(a), ("PLRA").

**II.      Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the court examines the record and

makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.    Discussion.**

The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). One of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process, which, in turn, might

3

afford prison officials the opportunity to take some corrective action that would preclude litigation. *Booth v. Churner*, 532 U.S. 731, 737 (2001).

Plaintiffs contend that a formal grievance procedure was unavailable. The Supreme Court has broadly stated: "[W]e stress the point . . . that we will not read futility *or other exceptions* into [PLRA's] statutory exhaustion requirement." *Booth,* 532 U.S. at 741 n.6. (emphasis supplied). Inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) (citing *Booth,* 532 U.S. at 738).

Defendants have submitted evidence that grievance procedures were available to Plaintiffs. (Def. Ex. 1.) Defendants' evidence further shows that all but two of the Plaintiffs submitted grievances on topics ranging from medical treatment to visitation. (*Id.*) However, none of the Plaintiffs submitted grievances concerning the May 29, 2003 incident. (*Id.*) Defendants have satisfied their initial summary judgment burden of showing that Plaintiffs failed to exhaust available administrative remedies. The burden thus shifted to Plaintiffs to demonstrate a genuine issue for trial on a material matter.

In support of their response, Plaintiffs have submitted the affidavit of Kenny Vega, a former corrections officer at LCDC, stating that inmates who wanted to bring matters to the attention of the administrator would file an inmate request form. (Pls. Ex. 2.) Plaintiffs do not dispute that they failed to file any inmate request forms concerning the May 29, 2003 incident. Plaintiffs have failed to satisfy their summary judgment burden. Accordingly, Defendants' motion for summary judgment will be granted as to the federal claims because Plaintiffs failed to exhaust administrative remedies, as required by §1997e.

4

The state law claim remains pending. Section 1997e only applies to federal claims. However, the sole basis of federal jurisdiction in this case is 28 U.S.C. § 1331 (federal question). While the federal claims were pending, this court had supplemental federal jurisdiction over the NMTCA claim. *See* 28 U.S.C. § 1367(a). However, upon a grant of summary judgment in favor of Defendants on the federal claim, this court may decline to exercise supplemental jurisdiction over a state law claim. *See* 28 U.S.C. § 1367(c)(3).

When federal claims are no longer pending, leaving only supplemental state claims, "the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr,* 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). The NMTCA claim will be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). *See Botefuhr,* 309 F.3d at 1273.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on the Basis of Failure to Exhaust Administrative Remedies (Doc. 14), filed on June 14, 2004, is **GRANTED WITH RESPECT TO THE CLAIMS ARISING UNDER 42 U.S.C. § 1983.**

**IT IS FURTHER ORDERED** that Plaintiffs' state law tort claim is **DISMISSED WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1367 (c)(3).**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**